Opinion of the Court, by
Ch. J. Boyle.
THIS was an action of debt, in the name of the Commonwealth, for the use of Kennet, the relator, against Fugate, as surviving obligor, upon a bond given by the sheriff of Pendleton, with. Fugate and others as his sureties, for the collection of the county levy for.tbe year 1820. Breaches of the condition of the bond are assigned in the failure of the sheriff to collect and pay to Kennet, several sums of money allowed him by the county court, and directed to be paid out of the cornil ty levy to be collected in the year for which the bond was given. Oh several issues joined to the country, a verdict was found for the plaintiff, for ‡111 12 1-2; but the circuit court, on the motion of the defendant, arrested the judgment on the verdict, and gave judg; ment against Kennet, for costs, from which he has appealed to this court.
The sole question presented by the record,'worthy of any serious consideration, is, whether the action is maintainable.
(1) Appeal does not lie from a judgment for costs only.
(2) Action cannot bo maintained in the name of the Commonwealth, for the use of a county creditor, oh the sheriff’s bond for the collection of the county levj. Motion in the county court is the remedy.
(3) No public functionary has power to confer an authority to uso the name of the Commonwealth in an action for the. benefit of an individual.
*2 (1) In deciding this question, we shall assume, íhé fact to be, that the action, though in the name of the Commonwealth-, td whom the bond is given, is not brought tit ber.inblahc'e, or for her benefit; but at the instance and. for the benefit of Kennet, as relator. This is indeed apparent 'from the writ and declaration; and were'it otherwise, the appeal would not lie; for the appeal is taken by Kennet, and not by the Commonwealth; and upon the supposition that the suit was brought for the benefit of the Commonwealth, there would be no judgment against Kennet, except for costs, from which an appeal to this court will not lie.
(2) The right of Kennet to maintain the action as relator, must, if it exist, be founded either upon some statutory provision or upon the principles of the common law. Of the existence of any statutory provision giving such right, we are tmappriseci.
The act oí assembly concerning county levies, gives to a creditor of the county, for the recovery of what rrtay be daft to him, a remedy by motion ift the county court, against the sheriff or collector, or his sureties; but it gives nó right to a creditor to maintain an action upon the bond for the collection of the county levy, 2 Dig. 85,3, &c; Nor are we aware of any other a'ct of the legislature, which gives such right-. On other bonds executed by the sheriff for the performance of his duties, the legislature has expressly provided that any individual may; at his instance and for his benefit, maintain an action for a breach of the condition, to his prejudice; but this certainly does not warrant the conclusion, that such an action can be maintained tipon the band f@r the collection of the county levy. On the contrary, as the legislature has made an express provision, giving the right, in the former case, to sup upon tlie bonds, and has made no shell provision in the latter case, the natural and rational inference is, that the right to sue in the latter case was not intended to be given.
Rennet’s right to maintain the action, therefore, cannot be founded upon any statutory provision; and we conceive his right to do so, has as little foundation upon the principles of the common law.
(3) It is perfectly clear, according to the principles of the common law, that none but.parties or privies can maintain an action upon a contract in their own *3 names; nor can any one use the names of parties or privies to a contract, but by their authority. Row, it cannot be pretended that Rennet is a parly or privy to the contract in this case, and an authority to use the name of the Commonwealth, could only be given by some public functionary, having power to confer it, and vre know of no public functionary having such power.
Bibb, for appellant; Sharp, attorney-general, and Rout, for appellee.
The judgment inust, therefore, be affirmed with costs.